IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-0643-MSK

JULIE VANCE,

    Plaintiff,

*v*.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

**OPINION AND ORDER REVERSING THE COMMISSIONER'S DECISION**

**THIS MATTER** comes before the Court on the Plaintiff's Complaint (**# 1**), the Plaintiff's Opening Brief (**# 17**) and the Defendant's Response (**# 19**). For the following reasons, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

### I. JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g).

### II. BACKGROUND

Julie Vance seeks judicial review of a final decision by the Commissioner denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. In January 2014, Ms. Vance filed for DIB and SSI, claiming she became disabled in September 2013, as amended. Tr. at 145, 336–50. After her application was denied at all administrative levels, she now appeals to this Court pursuant to 42 U.S.C. § 405(g).

At the time of his alleged onset of disability, Ms. Vance was 51 years old. Tr. at 336.

She was previously employed as a human resources assistant, sandwich maker, and administrative clerk. Tr. at 410.

In August 2015, the ALJ issued a decision unfavorable to Ms. Vance. Tr. at 118–29. At step one, she found that Ms. Vance had not engaged in substantial gainful activity since September 1, 2013. Tr. at 121. At step two, the ALJ found that Ms. Vance had the severe impairment of degenerative joint disease of the right knee, status-post surgery. Tr. at 122. The ALJ further found that the following impairments were not severe impairments: diabetes mellitus, thyroid disease, vertigo, uterine prolapse, depression, and cannabis use. Tr. at 122. At step three, she found that Ms. Vance did not have an impairment that met or medically equaled the presumptively disabling conditions listed in 20 C.F.R. Part 404, Appendix 1. Tr. at 123. The ALJ further found that Ms. Vance had the residual functional capacity (RFC) to perform light work with the following limitations: she can occasionally climb ramps, stairs, and ladders; she can occasionally crouch, kneel, and crawl; she can frequently balance and stoop; and she can maintain and sustain an ordinary routine and attendance. Tr. at 123. At step four, the ALJ found that Ms. Vance was capable of performing her past relevant work as an administrative clerk and assistant manager. Tr. at 127. The ALJ did made alternative findings at step five, stating that Ms. Vance could also perform the jobs of housekeeper, cafeteria attendant, and price marker. Tr. at 128.

A single issue is raised – whether the ALJ erred in the step two determination because he did not employ the psychiatric review technique in assessing for her mental impairment as required by 20 C.F.R. § 404.1520a.

### III. STANDARD OF REVIEW

Though the Court's review is de novo, the Court must uphold the Commissioner's decision if it is free from legal error and the Commissioner's factual findings are supported by substantial

evidence. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). Substantial evidence is evidence a reasonable person would accept to support a conclusion, requiring "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court may not reweigh the evidence, it looks to the entire record to determine if substantial evidence exists to support the Commissioner's decision. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

## IV. DISCUSSION

Ms. Vance argues that the ALJ erred at step two by not conducting the psychiatric review technique for her mental impairment as required by 20 C.F.R. § 404.1520a.

At step two, an ALJ is required to address all medically determinable impairments and rate their severity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). With regard to mental impairments, the Commissioner's regulations provide for a special technique — the psychiatric review technique, or PRT — that is meant to clarify and streamline the process of determining impairment severity. §§ 404.1520a(a), 416.920a(a). Under the technique, the ALJ must evaluate a claimant's symptoms and laboratory findings to determine whether a proposed mental impairment is medically determinable. §§ 404.1520a(b)(1), 416.920a(b)(1). If so, the ALJ then must specify the symptoms and laboratory findings that substantiate the impairment and document findings in the PRT format - activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. §§ 404.1520a(b)–(c), 416.920a(b)–(c).

Here, the ALJ stated the following at step two:

> The record also contains evidence of other major medical complaints including diabetes mellitus, thyroid disease, benign vertigo, uterine/bladder prolapse, depression, and marijuana use. However, these complaints have not been documented with objective medical signs and diagnostic findings sufficient to establish the existence of enduring medical impairments, significantly

3

> compromising the claimant's residual functional capacity over time. Accordingly, these are *not considered severe medical impairments* that have more than minimally affected the claimant's ability to work for the requisite duration of 12 continuous months. . . .
>
> Records around this time further reflect [s]ome complaints of depression, primarily with indication for some situational stressors. Despite this and her physical complaints, she indicated in February 2014 that she enjoys being outdoors, walking, and planned to start weight-lifting as well. . . .
>
> Based on this evidence, the Administrative Law Judge is not persuaded that the claimant has *any severe medical impairments* other than a history of right knee problems, surgery and resulting degenerative joint disease.

Tr. at 122–23 (emphasis added) (citation omitted).

This passage represents the totality of what the ALJ said about Ms. Vance's depression. It is unclear from the ALJ's decision whether the ALJ found the depression was simply a non-sever impairment or that it had not been medically determined. If the ALJ found depression to be a nonsevere impairment, the PRT should have been used at step two to determine severity. *See* §§ 404.1520a(b), 416.920a(b); *Wells v. Colvin*, 727 F.3d 1061, 1068 (10th Cir. 2013). If the ALJ intended to find that depression had not been medically determined, that should have been stated. This ambiguity requires remand so the ALJ may clarify her findings.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED AND REMANDED.** Judgment shall issue in favor of Ms. Vance.

Dated this 6th day of December, 2017. **BY THE COURT:**

Marcia S. Krieger
United States District Court